IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALLY MURRELL )
10559 Tolling Clock Way )
Columbia, MD 21044 )
 )
                Plaintiff, ) Civil Action No.:
 )
v. )
 )
STEVEN C. PRESTON )
Administrator, Small Business Administration )
409 3rd St., SW )
Washington, DC 20416 )
 )
                Defendant. )
_____)

## COMPLAINT

(Race Discrimination in Federal Employment)

1. The Small Business Administration (SBA) refused to promote plaintiff, Sally Murrell, to the GS-15 Deputy Associate Administrator position (DAA), because of her race, African-American. Murrell had a long and distinguished career with SBA, and had successfully acted in the DAA position. Instead of Murrell, defendant selected a lower ranked, significantly less qualified white applicant, who had absolutely no experience with the program that the job administered. These actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

### Jurisdiction and Venue

2. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., challenging denied promotion on the basis of race. This Court has jurisdiction under 42 U.S.C. §§ 2000e-5(f)(3) and 2000e-16(c). Venue lies in this Court as the discriminatory employment practices challenged in this action took place in the SBA Headquarters in the District of Columbia, where all relevant parties worked.

### Parties

3. Plaintiff, Sally Murrell, is a resident of the state of Maryland who has been employed with the Small Business Administration (SBA) in the District of Columbia since 1983. She is African-American.

4. Defendant, Steven C. Preston, is the Administrator of the SBA and is the head of the agency in which plaintiff is employed. He is being sued solely in his official capacity. SBA has more than 500 employees.

### Facts

5. On February 17, 2006, the SBA posted for competition a GS-15 Deputy Associate Administrator position. This was a senior level managerial position within the Office of Women's Business Ownership (OWBO). The primary functions of the job were to help to establish and administer "programs designed to promote and foster women's business ownership and to strengthen and improve the Agency's services for women's business owners." As the Deputy to the Associate Administrator, the incumbent of the position would be expected to "manage the day to day office activities."

6. By that point, Sally Murrell had been employed with the SBA for 23 years, and had

successfully served in the federal government since 1979.

7. For nearly ten years (since February 1997), Murrell served as Director of the Women's Business Center Program and since 2001, supervised a staff of professional project officers. The Women's Business Center Program is the primary program within the Office of Women's Business Ownership. In that position, Murrell engaged in all aspects of planning, administering and managing the Women's Business Center Program mandated by the Small Business Act. She administered the Office of Women's Business Ownership's Standard Operational Procedures and wrote major aspects of its contents. She developed policies affecting the Women's Business Center Program, contributed to and edited reports to Congress on the Women's Business program, worked with other executive agencies, prepared OWBO's budget, served as Grant Officer Technical Representative, trained and managed all professional and administrative staff, assigned and reviewed the work of project officers, and served as the policy expert on SBA's Women's Business programs. She developed a thorough understanding of the workings of the Office, and she received exemplary performance ratings and awards for her service.

8. Murrell had earned both a bachelor's and master's degree and had completed extensive government training uniquely relevant to the DAA position, including the Women's Executive Leadership Training Program sponsored by the Office of Personnel Management, SBA's Management Training for SBA Supervisors, Contracting Officer Technical Representative (COTR) training, Government Contract Administration, Financial Management, and database management courses. Murrell was frequently asked to give presentations at government and private sector conferences and training programs specifically focusing on women's entrepreneurial activities.

9. Prior to the DAA position being competitively filled, Murrell formally served in the DAA position on an acting basis on two occasions (once in 2005 and again in 2006), where she successfully performed all aspects of the job, including the day to day management of the Office.

10. Murrell received a Sustained Superior Performance award during her service in the acting DAA position.

11. On previous occasions, including one long stint due to a death in the family of the Associate Administrator, Murrell also served as the acting DAA on an informal basis, where she assumed the leadership role of the Office. In that capacity, she "managed all aspects of the office in a professional manner and all assignments were completed well and on time. Her evaluation glowed that "OWBO has never received a complaint about her, only compliments."

12. Sally Murrell was highly qualified for the Deputy Associate Administrator position.

13. Murrell timely applied for the Deputy Associate Administrator position.

14. SBA did not select Murrell for the job. Instead, SBA selected Ann Bradbury for the position. Ms. Bradbury is white.

15. Prior to her selection, Bradbury had never worked in the Office of Women's Business Ownership, and she had no programmatic experience in women's entrepreneurial development.

16. By the time of the selection for the DAA position, Bradbury had fewer years of experience with the agency overall, and had fewer years of managerial experience than Murrell.

17. Unlike Murrell, by the time of the selection for the DAA position, Bradbury had no graduate degree.

18. Murrell offered experience that was more directly relevant to the DAA of Office of

Women's Business Ownership than did Bradbury.

19. The selecting official for the DAA position was Wilma Goldstein. Goldstein is white. Goldstein has made repeated comments that show that she is very cognizant of a person's race when making decisions about hiring and promotion.

20. Goldstein formed a panel to interview the "highly qualified" applicants for the job.

21. The panel rated Murrell higher than Bradbury.

22. The panel also rated two other black women applicants, Phyllis Dawson and Linda Waters, higher than Bradbury.

23. Notwithstanding the panel ratings, Wilma Goldstein selected Ann Bradbury for the Deputy Associate Administrator position.

24. Sally Murrell was the best applicant for the position, and a far superior candidate than Ann Bradbury. SBA, through Goldstein, refused to promote Murrell to the position, because of her race. All putative explanations for the selection of Bradbury are merely a pretext for race discrimination.

25. SBA's actions, as set forth above, have caused Murrell emotional distress, anxiety, pain, humiliation and loss of enjoyment of life, and pecuniary and non-pecuniary losses. They have harmed her career and caused her to transfer from the OWBO.

### Exhaustion of Administrative Remedies

26. Murrell timely contacted an EEO counselor and filed a formal complaint of discrimination, leading to a final agency decision which predictably found no discrimination. This suit is timely filed within ninety days of that decision. All of the prerequisites to suit have been satisfied.

## VIOLATIONS OF LAW

### (Non-selection to the DAA position)

27. Defendant's actions in refusing to promote plaintiff to the GS-15 Deputy Associate Administrator position because of her race violated Title VII.

### Relief

Plaintiff asks the Court to grant the following relief:

1. Declare that defendant's actions as set forth above violated plaintiff's rights under Title VII;

2. Order defendant to promote plaintiff into the GS-15 Deputy Associate Administrator position, or its equivalent, retroactive to the date of her non-selection and pay plaintiff all back pay and benefits, with pre-judgment interest, retroactive to the date of her non-selection;

3. Award plaintiff compensatory damages for the pain, suffering, loss of enjoyment of life, and other injuries defendant's actions have caused, in an amount to be proven at trial;

4. Order defendant to cease and desist from all future discrimination and retaliation against plaintiff;

5. Order defendant to pay plaintiff's costs, including reasonable attorney fees and any other costs allowed by law, for this action and for the administrative proceedings which she was required to exhaust before bringing this action;

6. Award prejudgment interest as allowed by law;

7. Maintain jurisdiction over this matter until such time as all remedial action has been taken by the defendant;

8. Order such other and additional relief as the Court deems just and equitable.

**Jury Demand**

Plaintiff demands trial by jury.

_____
Richard A. Salzman 422497
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, N.W.
Suite 412
Washington, DC 20036
(202) 293-8090

Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Sally Murrell
10559 Tolling Clock Way
Columbia, MD 21044

## DEFENDANTS

Steven C. Preston, Administrator
Small Business Administration
409 3rd Street, SW. Washington, DC 20416

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

RICHARD A. SALZMAN (422497)
Heller, Huron, Chertkof, Lerner, Simon & Salzman
1730 M Street, NW, Suite 412
Washington, DC 20026
(202) 293-8090

Case: 1:08-cv-00401
Assigned To : Lamberth, Royce C.
Assign. Date : 3/5/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964     42 USC 2000(e)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ $300,000 plus back pay.    Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/4/08    SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.