UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SALLY MURRELL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 08-0401 (RCL) |
|  | ) |
| STEVEN C. PRESTON, ADMINISTRATOR, | ) |
| SMALL BUSINESS ADMINISTRATION, | ) |
|  | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER**

The Defendant, Steven C. Preston, Administrator, Small Business Administration ("SBA"), by and through undersigned counsel responds to Plaintiff's complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust administrative remedies.

**The Complaint**

1. This paragraph contains Plaintiff's characterization of the case and legal conclusions to which no response is required. Insofar as an answer may be required, the allegations in this paragraph are denied.

**Jurisdiction and Venue**

2. This paragraph contains Plaintiff's allegations of jurisdiction and venue to which no response is required. Insofar as an answer may be required, the allegations in this paragraph are denied, except that Defendant is not challenging that jurisdiction and venue are proper in this

Court.

## Parties

3. Denied, except to admit that Plaintiff is employed by the SBA in the District of Columbia, Plaintiff began working for the SBA in 1983, and that Plaintiff is African-American. Defendant avers that, according to her records, Plaintiff is a resident of the State of Maryland.

4. Defendant admits that Steven C. Preston is: (1) the Administrator of the SBA; (2) head of the SBA; and (3) being sued solely in his official capacity. Defendant avers that Steven C. Preston has been the Administrator of the SBA since June 29, 2006. Defendant admits that the SBA has more than 500 employees.

## Factual Allegations

5. Denied, except to admit that on February 17, 2006, the SBA posted a vacancy announcement for a GS-15 Deputy Associate Administrator (DAA) position, a senior level managerial position within the Office of Women's Business Ownership (OWBO), and that the incumbent of the DAA position would be expected to "manage the day-to-day office activities." Defendant avers that major duties of the DAA position were to "develop and implement plans, operating procedures, standards, and goals for leveraging resources through a variety of public and private partnership programs designed to promote and foster women's business ownership and to strengthen and improve the Agency's services for women's business owners."

6. Denied, except to admit that by February 17, 2006, Plaintiff had been employed with the SBA for 23 years, and that Plaintiff had been employed by the federal government since at least 1982. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

7. Defendant admits that: (1) Plaintiff was reassigned to the OWBO as a program analyst on February 16, 1997, served as Director of the Women's Business Center Program (WBCP), and supervised a staff of professional project officers; (2) the WBCP is the primary program within the OWBO; (3) Plaintiff engaged in all aspects of planning, administering, and managing the WBCP mandated by the Small Business Act; (4) Plaintiff administered the OWBO's Standard Operational Procedures, wrote major aspects of its contents, developed policies affecting the WBCP, and contributed to and edited reports to Congress on the WBCP; (5) Plaintiff worked with other executive agencies, prepared OWBO's budget, served as Grant Office Technical Representative, trained and managed all professional and administrative staff, assigned and reviewed the work of project of project officers; and (6) received sustained superior performance ratings and awards for her service with OWBO. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

8. Denied, except to admit that according to Plaintiff's records, Plaintiff earned an undergraduate degree in psychology in 1971, and a graduate degree in education in 1973. Defendant avers that Plaintiff's records indicate that she completed training in government contract administration, professional judgment and ethics, Database III Plus, and Lotus 1-2-3 & MS-DOS. Defendant admits that Plaintiff was asked to give presentations at conferences and training programs focusing on women's entrepreneurial activities. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

9. Denied, except to admit that for approximately three months, from February 6,

2005, until May 7, 2005, Plaintiff served as the Acting Deputy Associate Administrator, where she performed most aspects of the job, including the day-to-day management of the Office.

    10.    Denied, except to admit that Plaintiff received a sustained superior performance award for the appraisal period from October 1, 2004 to September 30, 2005.

    11.    Denied, except to admit that the Associate Administrator was out of the office for approximately two weeks because of a death in the family, and the DAA was out of the office for approximately four months due to a death in the family, and that Plaintiff served as the Acting DAA for approximately three months from February 6, 2005, until May 7, 2005.  Defendant admits that Plaintiff's evaluation stated that she "managed all aspects of the office in a professional manner and all assignments were completed well and on time," and that "OWBO has never received a complaint about her, only compliments."

    12.    Denied, except to admit that Plaintiff was qualified for the DAA position.

    13.    Defendant admits that Plaintiff timely applied for the DAA position.

    14.    Denied, except to admit that Plaintiff was not selected for the DAA position and that Ann Bradbury was selected for the DAA position.  Defendant avers that Ann Bradbury is Caucasian.

    15.    Defendant admits that prior to her selection, Ann Bradbury had not worked in the OWBO.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

    16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.  Defendant avers that at the time of Ms. Bradbury's selection for the position, she had 22 years of experience with the SBA.

17.    Defendant admits that at the time of her selection for the DAA position, Ms. Bradbury did not have a graduate degree.

18.    Denied.

19.    Denied, except to admit that the selecting official for the DAA position was Wilma Goldstein.  Defendant avers that Ms. Goldstein is Caucasian.

20.    Defendant admits that the SBA used a panel to interview the applicants who had been rated as highly qualified for the DAA position.

21.    Denied, except to admit that Plaintiff was given a rating of 8 out 10 of for her interview, and Ms. Bradbury was given a 7.5 out of 10 for her interview.

22.    Admitted.

23.    Denied, except to admit that Ms. Goldstein selected Ann Bradbury for the DAA position.

24.    Denied.

25.    Denied.

## Exhaustion of Remedies

26.    Denied.

27.    Denied.

## Prayer for Relief

The remainder of Plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied that Plaintiff is entitled to any relief.

Defendant hereby specifically denies each and every allegation contained in Plaintiff's

complaint not hereinbefore answered.  Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250
